Opinion issued April 19, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-12-00182-CR

———————————

in re oscar nathaniel scott, Relator



 



 

On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Case No. 1208957B



 



 

 

MEMORANDUM OPINION

          Relator,
Oscar Nathaniel Scott, has filed pro se a petition for writ of mandamus in
which he complains that he has not received any written response or
communication from the Harris County district clerk or the State of Texas
regarding his pending application for writ of habeas corpus, which he filed in
the trial court below.  Appellant further
complains that he has not been appointed counsel and the trial court has not
forwarded or transmitted his application for writ of habeas corpus, with all
exhibits, attachments, answers, and findings, to the Texas Court of Criminal
Appeals.  

On March 8, 2012, we issued an
opinion denying the petition.  Scott
filed a motion for rehearing.  We grant
Scott’s motion for rehearing, and we withdraw our March 8, 2012 opinion denying
the petition for writ of
mandamus.

          On September 13, 2010, we affirmed Scott’s conviction for the offense of
possession of cocaine weighing less than one gram.[1]  See
Scott v. State, No. 01–09–00928–CR, 2010 WL 3718598, at *3 (Tex.
App.—Houston [1st Dist.] Sept. 23, 2010, pet. ref’d) (mem. op.).  We noted in our opinion that, after finding
true the allegations in two enhancement paragraphs that Scott had previously
been convicted of two felony offenses, the trial court assessed Scott’s
punishment at confinement for five years.  
Id. at *1.  Scott’s petition, and the trial and appellate
court records, reflect that Scott seeks relief from a final felony
conviction.  The exclusive remedy from
final felony convictions is a writ of habeas corpus.  Only the Texas Court of Criminal Appeals has
jurisdiction in final post-conviction habeas corpus proceedings.  See
Tex. Code Crim. Proc. Ann. art.
11.07 (Vernon 2005); Board of Pardons
& Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist., 910
S.W.2d 481, 483 (Tex. Crim. App. 1995); In
re McAfee, 53 S.W.3d 715, 717–18 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding).  Thus, this Court is without
authority to grant the relief Scott seeks. 
See Board of Pardons & Paroles
ex rel. Keene, 910 S.W.2d at 483; In
re McAfee, 53 S.W.3d at 717–18; see
also In re Berry, No.
01–11–00855–CR, 2012 WL 253142, at *1 (Tex. App.—Houston [1st Dist.] Jan. 26, 2012,
orig. proceeding) (mem. op.) (“We have no authority to issue writs of mandamus
in criminal law matters pertaining to habeas corpus proceedings in which relief
is sought from a final felony judgment. That jurisdiction lies exclusively with
the Texas Court of Criminal Appeals.”).

We dismiss the petition for writ of mandamus for lack of
jurisdiction.  

 

PER CURIAM

Panel
consists of Justices Jennings, Massengale, and Huddle.

Do not publish. Tex. R. App. P. 47.2(b).

 











[1]
          See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.115(a),
(b) (Vernon 2010).